UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

---

STEPHEN A. SAYE d/b/a GASTONIAN,

Plaintiff,

- versus -

FIRST SPECIALTY INSURANCE
COMPANY and AMWINS BROKERAGE OF
FLORIDA, INC.

Defendants.

---

MEMORANDUM
AND ORDER
14-cv-5946 (JG) (LB)

A P P E A R A N C E S :

MERLIN LAW GROUP
    100 Park Avenue
    16th Floor
    New York, NY 10017
By:   Javier Delgado
    Jason Marc Cierci
    Janelle C.L. Matthews
    *Attorneys for Plaintiff*

DLA PIPER LLP (US)
    1251 Avenue of the Americas
    New York, NY 10020
By:   Aidan M. McCormack
    Robert Brian Seibert
    *Attorneys for Defendant*
    *First Specialty Insurance Company*

JOHN GLEESON, United States District Judge:

Plaintiff insured Stephen A. Saye d/b/a Gastonian ("Saye") brought this action against Defendants First Specialty Insurance Corporation (s/h/a First Specialty Insurance Company) ("First Specialty") and Amwins Brokerage of Florida, Inc. ("Amwins"), seeking recovery under a commercial insurance policy for damages to his Dallas, Texas property resulting from a hail storm. First Specialty now moves to dismiss the action under Federal Rule

of Civil Procedure 12(b)(6) and on grounds of *forum non conveniens*. First Specialty also moves

for declaratory relief. For the reasons stated below, the motion to dismiss is granted.

BACKGROUND

A.      *Procedural History*

On October 9, 2014, Saye filed the complaint in this action. As mentioned, it

seeks damages for breach of an insurance contract issued by First Specialty (the "First Specialty

Contract"). Compl. ¶¶ 2-5. In an amended complaint filed after First Specialty submitted its

motion to dismiss (the "Amended Complaint"), Saye added Amwins as a defendant. Am.

Compl. at 1.

This action follows a lawsuit initially filed by Saye in the 101st Judicial District

Court of Dallas County, Texas, which was subsequently removed by First Specialty to the United

States District Court for the Northern District of Texas (the "Texas Federal Court Action"). *See*

Am. Compl., Ex. A.[1] In the Texas Federal Court Action, First Specialty moved to dismiss based

on the forum-selection clause of the First Specialty Contract. *Id.* at 1-2. As discussed more fully

below, the forum-selection clause provides for exclusive jurisdiction in "the Courts of the State

of New York." Am. Compl., Ex. B at APP000010, No. 4 of 315. First Specialty argued that by

commencing the action in Texas, Saye breached the forum-selection clause. Am. Compl., Ex. A

at 1-2. Saye opposed the motion. *See id.* at 6-9.

By Memorandum Opinion and Order dated April 9, 2014, United States District

Judge Barbara M.G. Lynn in the Northern District of Texas granted First Specialty's motion to

dismiss (the "Texas Federal Court Order"). *Id.* at 9. Based on the forum-selection clause in the

insurance contract, the Northern District of Texas dismissed Saye's complaint without prejudice

---

[1]      *Saye v. First Specialty Ins. Co.*, No. 3:14-cv-202-M, 2014 WL 1386565 (N.D. Tex. Apr. 9, 2014).

"to refiling in a *state court* in New York." *Id.* (emphasis added). Saye filed the complaint in this court six months later.

B.     *The First Specialty Contract*

   The First Specialty Contract, numbered 03000253, was issued to 5 Star Properties and contained an insurance policy period of June 10, 2012 to June 10, 2013. Am. Compl., Ex. B at APP000005. Saye is listed as an additional insured under the policy. *Id.* at APP000122, No. 116 of 315. The First Specialty Contract requires that any suits against First Specialty be filed in New York state court and that New York law applies to any disputes between the parties. *Id.* at APP000009-10, No. 3-4 of 315. Specifically, the "Applicable Law; Court Jurisdiction" provision of the contract states:

> The laws of the State of New York, without regard to any conflict of laws rules that would cause the application of the laws of any other jurisdiction, shall govern the construction, effect, and interpretation of this insurance agreement.
>
> The parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York, and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction.

*Id.*

## DISCUSSION

   First Specialty argues that the complaint should be dismissed because (1) pursuant to Rule 12(b)(6) Saye is collaterally estopped from revisiting the Northern District of Texas's decision holding that Saye could file an action against First Specialty only in New York state court; and (2) on *forum non conveniens* grounds as Saye brought this action in breach of the forum-selection clause in the First Specialty Contract, which specifically requires that any suit be brought in New York state court. First Specialty also seeks a declaration that Saye is in breach of the parties' forum-selection clause and the Texas Federal Court Order. In its reply, First

Specialty moves for attorneys' fees and costs to date. The request for attorneys' fees is not properly made in this fashion. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."); *Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 94 (2d Cir. 1999).

A.     *Legal Standard*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012). In making this determination, a court should assume all well-pleaded allegations in the complaint to be true "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above a speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations omitted)). In evaluating a motion to dismiss, the court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

In response to First Specialty's motion to dismiss, Saye filed his Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Rule 15, in relevant part, provides that:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "When a plaintiff amends its complaint while a motion to dismiss is pending, the court then has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *Jackson v. Caribbean Cruise Line, Inc.*, No. 14-cv-2485 (ADS) (AKT), 2015 WL 667862, at *1 (E.D.N.Y. Feb. 17, 2015) (quoting *Sussman–Automatic Corp. v. Spa World Corp.*, 15 F. Supp. 3d 258 (E.D.N.Y. 2014)) (citation, quotation marks and alterations omitted); *see also Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008). Here, the Amended Complaint restates the same claims against First Specialty that Saye alleged in the original complaint; it essentially serves only to add Amwins as a party to the suit. As such, I elect to consider the merits of First Specialty's motion in light of the Amended Complaint.

B.      *Collateral Estoppel*

"The doctrine of collateral estoppel precludes a party from relitigating in a subsequent proceeding an issue of law or fact that has already been decided in a prior proceeding." *Boguslavsky v. Kaplan*, 159 F.3d 715, 719-20 (2d Cir. 1998). In the Second Circuit, "a party is collaterally stopped from relitigating an issue if a four-part test is met: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in a previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Indus. Risk Insurers v. Port Auth. of N.Y. and N.J.*, 493 F.3d 283, 287 (2d Cir. 2007) (quoting *Boguslavsky*, 159 F.3d at 720 (emphasis omitted)).

Here, the four-part test has been met.  First, the same issue – whether the forum-selection clause required dismissal on *forum non conveniens* grounds – was raised in the Texas Federal Court Action.  *See* Pl. Opp. at 3 ("the Court in the Northern District of Texas considered the forum selection clause . . . .").  The issue was litigated, and the Northern District of Texas declared that New York state court was the only adequate alternative forum in which Saye could commence an action.  Am. Compl., Ex. A at 3 n.3, 7, & 9.  Indeed, the Texas Federal Court Order specifically stated:

> The Policy's forum-selection clause "points to" a nonfederal forum—*i.e.*, "the Courts of the State of New York."

*Id.* at 3 (quotations in original).

> To the extent that Defendant argues that the forum-selection clause mandates venue in either New York state or federal courts, the Court disagrees . . . .  The clause at issue in this case is substantively the similar to that in *Dixon* . . . [which concluded] that a forum-selection clause mandated that all disputes be litigated in state, rather than federal court . . . .

*Id.* at 3 n.3.

> [T]he clause demonstrates that for disputes arising under, or in connection with the Policy (or a party's conduct and duties relating thereto), as do those here, jurisdiction lies exclusively in the state courts of New York.

*Id.* at 7 (footnote omitted).

With respect to the last two elements, as the plaintiff in the Texas Federal Court Action, Saye had a full and fair opportunity to litigate the forum-selection clause's enforceability, and the resolution of that issue served as the basis for the Northern District of Texas's determination that Saye could bring his action only in New York state court.  Saye's argument that this Court may have diversity jurisdiction now that Amwins, a Florida resident,

has been added as a defendant in this case is irrelevant, most likely incorrect, and does not alter the analysis.[2]

Accordingly, I dismiss the case on collateral estoppel grounds.

C.      *Forum-Selection Clause*

The doctrine of *forum non conveniens*, rather than Rule 12(b), is generally the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). The Supreme Court has held that "a valid forum-selection clause should be given controlling weight in all but the most exceptional circumstances." *Id.* at 574 (quotations and alterations omitted). As explained in *Atlantic Marine*:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Id.* at 583. A four-part test guides the court's inquiry into whether a case should be dismissed pursuant to a forum-selection clause. A court must consider "(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, *i.e.*, whether the parties are required to bring any dispute [] to the designated forum or simply *permitted* to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause." *See Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d

---

[2]     Though the state citizenship of the parties is not clear from the papers, given the requirement of complete diversity under 28 U.S.C. § 1332(a), it is doubtful that the addition of Amwins as a defendant would confer diversity jurisdiction on this Court that it did not already possess. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

Cir. 2014) (emphasis in original, quotations and alterations omitted). If a defendant satisfies the first three elements, the clause is presumed to be valid and enforceable. This presumption, however, can be overcome if the non-moving party makes (4) "a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.*

First, the forum-selection clause was clearly stated in the First Specialty Contract and was thus reasonably communicated to Saye. Under the emboldened heading "Applicable Law; Court Jurisdiction," the contract reads, "The parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York, and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction." Am. Compl., Ex B at AP000009-10, No. 3-4 of 315. In his papers, Saye does not contest that the clause was reasonably communicated, and I find the language sufficiently clear and unambiguous to meet this standard. *See Thibodeau v. Pinnacle FX Invs.*, No. 08-cv-1662 (JFG) (ARL), 2008 WL 4849957, at *5 (E.D.N.Y. Nov. 6, 2008); *Allianz Global Corporate & Specialty v. Chiswick Bridge*, No. 13-cv-7559 (RA), 2014 WL 4674644, at *3 (S.D.N.Y. Sept. 19, 2014). Other courts analyzing this identical language, including the Northern District of Texas, have reached a similar conclusion. *See, e.g.*, *Saye v. First Specialty Ins. Co.*, No. 3:14-cv-202-M, 2014 WL 1386565, at *2 n.3 (N.D. Tex. Apr. 9, 2014).

Second, the forum-selection clause is mandatory because the plain meaning of the words used by the parties to the contract "manifest an intention to limit jurisdiction to a particular forum." *Brooke Grp. Ltd. v. JCH Syndicate 488*, 87 N.Y.2d 530, 534 (1996).[3] The

---

[3] As noted above, the terms of the First Specialty Contract provide that the "laws of the State of New York, without regard to any conflict of laws rules that would cause the application of the laws of any other jurisdiction, shall govern the construction, effect, and interpretation of this insurance agreement." Am. Compl., Ex. B at AP000009, No. 3 of 315. As such, New York law applies to parts two and three of the analysis.

clause states that the parties "irrevocably" submit to the "exclusive" jurisdiction of New York state courts, and "expressly waive" all rights to challenge or otherwise limit such jurisdiction. Am. Compl., Ex. B at AP000010, No. 4 of 315. Accordingly, the contract confers jurisdiction exclusively to the state courts of New York.

Third, the parties and claims in this case are subject to the forum-selection clause. Under New York law, by entering into an agreement with a forum-selection clause, a party specifically consents to personal jurisdiction in New York courts, and waives any basis to dispute New York's jurisdiction. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Worley*, 257 A.D.2d 228, 231 (1st Dep't 1999). Where claims are contractual in nature, related non-contractual claims are also subject to the forum-selection clause. *See Erie Ins. Co. of N.Y. v. AE Design, Inc.*, 104 A.D.3d 1319, 1320 (4th Dep't 2013). It is undisputed that Saye seeks coverage under the First Specialty Contract as a party to that contract. *See* Am. Compl. ¶¶ 1-9. All non-contractual causes of action in the Amended Complaint clearly relate to the claim that First Specialty breached the First Specialty Contract. Am. Compl. ¶ 82(b).

Since First Specialty has satisfied the first three elements required to enforce a forum-selection clause, the burden now shifts to Saye to rebut the presumption by "making a sufficiently strong showing that enforcement would be unreasonable or unjust . . . ." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007) (quotations and citations omitted). A forum-selection clause, therefore, is enforceable, unless "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *Id.* at 392 (citation omitted). Private interest factors should not be considered in evaluating a *forum non conveniens* motion based on a contractual forum-selection clause. *See*

*Atl. Marine*, 134 S. Ct. at 582.  Those include the relative ease of access to sources of proof; the cost of obtaining attendance of witnesses; the possibility of viewing the premises, if viewing them would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.  *See id.* at 581 n.6; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).  Public interest factors such as court congestion and the interest of having localized controversies decided at home may be considered, but they will rarely sway the analysis.  *See Atl. Marine*, 134 S. Ct. at 582.

Saye has failed to meet this substantial burden.  He makes no credible allegation of fraud, fundamental unfairness, or even inconvenience.  Saye argues that the forum-selection clause is unenforceable against Amwins because it is not a party to the First Specialty Contract.  However, this does not affect the instant motion, which is made by First Specialty.  Accordingly, I also dismiss the case against First Specialty on *forum non conveniens* grounds.

D.      *Remand to State Court*

Saye argues in the alternative that I should transfer this case to a state court of New York.  *See* Pl. Opp. at 5-6.  In making this argument, Saye relies on Federal Rule of Civil Procedure 41(a)(2), but the relevance of this rule is not apparent as it concerns only voluntary dismissals.  *See* Fed. R. Civ. P. 41(a)(2).  In any event, Saye does not provide, and I cannot find, authority that would allow me to transfer to the state court system a case that originated in federal court.  *See Whitman v. Boats By George, Inc.*, No. 91-cv-792, 1992 WL 57162, at *3-4 (N.D.N.Y. Mar. 16, 1992); *McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 428-29 (3d Cir. 1983) (holding that neither 28 U.S.C. § 1631 nor § 1447 gives a district court authority to transfer a case originally filed in that district court to any state court).

CONCLUSION

For the reasons stated above, First Specialty's motion to dismiss is granted.  I decline to address its additional request for declaratory relief.  Amwins Brokerage of Florida, Inc., remains in the case.

So ordered.


John Gleeson, U.S.D.J.


Dated: April 16, 2015
       Brooklyn, New York